REQUESTED BY: Senator John W. DeCamp Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator DeCamp:
In an effort to determine if any legislative action is needed, you have asked if, considering the provisions of ArticleXII, Section 8 of the Constitution of Nebraska, a family corporation, owner of a large feedlot, may contract with a nonfamily corporation to feed cattle owned by the latter.
In answer to your question, it is necessary to first examine the legal rights of each of the parties.
With regard to both corporations in your example, the first paragraph of Article XII, Section 8 provides: `(1) No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching.' (Emphasis added.)
After defining corporation, farming, and syndicate, Section 8 goes on to provide that the above restrictions shall not apply to `(A) A family farm or ranch corporation', which Section 8 defines as one `in which the majority of the voting stock is held by members of a family, or a trust created for the benefit of a member of that family, related to one another within the fourth degree of kindred.'
With regard to the nonfamily farm corporation in your example, we again point out that the first sentence of Section 8 provides that corporations may not `engage in farming or ranching.' Following this prohibition, farming or ranching is defined as including `(ii) the ownership . . . of animals for the production of livestock or livestock products.'
We are not aware of any judicial determinations of language similar to that of Article XII, Section 8 of our Constitution. Therefore, considering the plain meaning of its provisions and the history of its adoption, it is our conclusion that as to the family farm corporation it is exempt from the provisions which would prevent all other corporations from farming, which would include the feeding of cattle whether its own or those of someone else.
As for the nonfamily farm corporation, for the same reasons it is our conclusion that Article XII, Section 8 prohibits it from farming or ranching, which includes the `ownership, keeping or feeding of animals for the production of livestock or livestock products.'
In essence we are saying that in the situation you describe, the question is not the right of the two corporations to contract with each other but is instead the rights of each to engage in owning and feeding cattle. In the one instance the family farm corporation may engage in all aspects of farming, and in the other instance a nonfamily farm corporation may not engage in any aspect of farming or ranching, which includes the ownership of livestock.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Bernard L. Packett Assistant Attorney General